Crisonto **RODAS–CALDERON,**
Petitioner,

v.

Alberto R. **GONZALES, Attorney**
**General, Respondent.**

No. 04–76543.

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2006.*

Decided March 14, 2006.

Ramiro Castro, Esq., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, DOJ–U.S. Department Of Justice Civil

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, BEEZER and KOZINSKI, Circuit Judges.

MEMORANDUM **

Crisonto Rodas–Calderon, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming an Immigration Judge's ("IJ") denial of his applications for asylum and withholding of deportation, and request for relief under the Convention Against Torture ("CAT"). We review the denial of asylum and withholding of deportation for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Substantial evidence supports the IJ's conclusion that Rodas–Calderon did not establish a well-founded fear of future persecution. The record does not compel a reasonable fact-finder to conclude that the military would be interested in Rodas–Calderon on account of a protected ground, rather than being interested in recruiting him because he is of the age to serve in the military. *Id.* at 482–83, 112 S.Ct. 812. Rodas–Calderon did not challenge the IJ's finding that he did not suffer past persecution in his opening brief, and has therefore waived the issue. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996).

---

We conclude that Rodas–Calderon's claim that his due process rights were violated is not colorable. *See Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir. 2001).

Because Rodas–Calderon failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. *See Fisher v. INS*, 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

Rodas–Calderon also failed to establish a CAT claim because he did not show that it was more likely than not that he would be tortured if he returned to Guatemala. *See Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.